■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT SPRINGS, Appellant. [685 NYS2d 69] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered October 8, 1996, convicting him of burglary in the second degree, criminal mischief in the fourth degree, endangering the welfare of a child, and harrassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the court improperly permitted the People to elicit evidence of his prior thefts from, and acts of violence against, the complainant, is unpreserved for appellate review (*see,* CPL 470.15 [2]). In any event, this claim is without merit, insofar as the prior bad acts were probative of the defendant's intent to commit a crime when he broke down the door to the complainant's residence (*see, People v Alvino,* 71 NY2d 233, 242-243; *People v Ventimiglia,* 52 NY2d 350).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Copertino, J. P., Sullivan, Krausman and Florio, JJ., concur.